Salman Ahmed HIJAZI, Petitioner,

v.

DHS, Emilio GONZALES, Director, Michael Chertoff, Secretary, Respondent.

No. 06–3122–ag.

United States Court of Appeals, Second Circuit.

June 20, 2007.

Stephen K. Tills, Orchard Park, N.Y., for Petitioner.

Tammy Owens Combs, Assistant U.S. Attorney, for James R. Dedrick, U.S. Attorney for the Eastern District of Tennessee, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Petitioner Salman Ahmed Hijazi ("Hijazi"), a native and citizen of Pakistan, petitions for review of the BIA's decision denying his motion for remand and affirming Immigration Judge ("IJ") Philip J. Montante's denial of his petition to remove the conditions on his residence in the United States. After entering the United States in 1997 as a nonimmigrant visitor, in February 1999 Hijazi married U.S. citizen Donna DeBerardinis, and in May 1999 he was granted Conditional Permanent Resident status based on that marriage. In March 2001, Hijazi and his wife jointly filed a Form I–751 Petition to Remove the Conditions on Residence. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

The IJ's decision denying Hijazi relief from removal may be understood to reflect alternative holdings. First, the IJ concluded that Hijazi "enter[ed] the marriage

* The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

in bad faith," merely "for the purpose of obtaining the status of lawful admission of permanent residence." Second, the IJ endorsed the conclusion of the Department of Homeland Security (DHS) that a letter sent by Hijazi's wife—in which she expressed her belief that Hijazi had entered their marriage in bad faith—constituted a request for the withdrawal of her name from their joint petition and, accordingly, rendered Hijazi's I–751 Form in violation of the joint filing requirement; *see* 8 U.S.C. § 1186a(c). On appeal, the BIA concluded that, "even assuming that the [IJ] erred in failing to notify [Hijazi] of his right to seek a waiver [from the joint petition requirement] ..., we find that [Hijazi] was *not prejudiced by the Immigration Judge's inaction.*" (emphasis added).

We do not decide whether the IJ committed reversible error by failing to notify Hijazi of his right to apply for a "good faith" waiver, *see* 8 U.S.C. § 1186a(c)(4)(B); and 8 C.F.R. 216.5, or by not continuing the proceedings to allow Hijazi to refile his petition with such a waiver request. Instead, we review the BIA's determination that any such a violation by the IJ would be harmless error in the circumstances of this case "because there is insufficient evidence that [Hijazi] entered into the marriage in good faith." Entering into a marriage in good faith is one basis· for waiver relief from the joint filing requirement. *See* 8 U.S.C. § 1186a(c)(4)(B).

While the DHS had the burden to show that Hijazi failed to meet the requirements for removal of conditions in the face of a jointly filed application, it was petitioner who bore the burden of proving his eligibility for a good-faith waiver of the joint filing requirement. *See* 8 C.F.R. 216.5(a)(1) (establishing that the government may waive a petitioner's joint filing requirement if the "conditional resident is able to establish" that Hijazi entered the marriage in good faith). Accordingly, we need not determine whether the record supported the "bad faith" finding made by the IJ when the burden was on the government. For the record does sufficiently support the BIA's conclusion that petitioner failed to meet his burden of establishing good-faith eligibility for a waiver.

For the foregoing reasons, the petition for review is DENIED, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.